**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2019**

KHALIL ZOUBAIRI; MOUAD ZOUBAIRI; ZAID ZOUBAIRI,

             Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 27, 2014          Decided:  October 8, 2014

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA & STROUD IMMIGRATION LAW GROUP, Raleigh, North Carolina, for Petitioners.  Stuart Delery, Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Assistant Director, Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalil Zoubairi (Zoubairi), a native and citizen of Morocco, petitions for review from a final order of removal issued by the Board of Immigration Appeals (the Board).[1] We affirm.

Zoubairi entered the United States on a tourist visa in 1995 and overstayed his visa. On December 7, 2001, Zoubairi married Joyce Clark, a United States citizen, and was granted lawful permanent resident (LPR) status on a conditional basis pursuant to 8 U.S.C. § 1186a. To remove the condition and obtain complete LPR status, Zoubairi and Clark filed a joint petition to remove the conditional basis of his LPR status on August 4, 2004. On September 29, 2004, the Department of Homeland Security (DHS) sought to rescind Zoubairi's LPR status in Immigration Court in Atlanta, Georgia, contending that he did not enter into his marriage with Clark in good faith.

Zoubairi and Clark were divorced on August 26, 2005. On June 9, 2008, Zoubairi withdrew the previously-filed joint petition to remove the conditional basis of his LPR status and instead applied for a waiver of the joint-filing requirement

_____

[1] Zoubairi's minor sons also participate in this appeal as derivative beneficiaries to Zoubairi's claim for relief. Because the claims of the minor sons are derivative, we provide no separate analysis for Zoubairi's minor sons.

pursuant to 8 U.S.C. § 1186a(c)(4), claiming that he had married Clark in good faith but the marriage had ended in divorce. On October 8, 2009, DHS denied Zoubairi's waiver application and terminated his conditional LPR status, finding that he failed to show that he married Clark in good faith.

On April 16, 2010, DHS commenced removal proceedings against Zoubairi by filing a Notice to Appear in Immigration Court in Charlotte, North Carolina.[2] DHS alleged that Zoubairi was removable as an alien: (1) who had remained in the United States for a time period longer than permitted; (2) who had been inadmissible at the time he was granted conditional LPR status; and (3) whose conditional LPR status had been terminated. Zoubairi appeared before an immigration judge (IJ) and conceded his removability. However, he renewed his application for a waiver of the joint-filing requirement, once again claiming that he had married Clark in good faith.

On October 24, 2011, and March 22, 2012, the IJ held hearings. On September 6, 2012, the IJ issued a written decision. The IJ found that Zoubairi was removable as charged based on his concession of removability and further found that neither Zoubairi nor Clark were credible on account of the

---

[2] Because DHS sought removal, the rescission proceeding in Immigration Court in Atlanta was terminated.

numerous inconsistencies in their testimony and the record evidence. Because Zoubairi had not entered into his marriage with Clark in good faith, the IJ found that Zoubairi was not entitled to a waiver of the joint-filing requirement and ordered that he be removed from the United States.

Zoubairi appealed the IJ's decision to the Board. On July 16, 2013, the Board dismissed the appeal, finding no clear error in the IJ's determination that Zoubairi had not married Clark in good faith. This petition for review followed.

In determining whether an alien has entered into a marriage in good-faith, "the central question is whether [the couple] intended to establish a life together at the time they were married." Damon v. Ashcroft, 360 F.3d 1084, 1088 (9th Cir. 2004). Under the relevant federal regulation, DHS examines all relevant evidence to gauge this intent, in particular: (1) the couple's combined assets and liabilities; (2) the length of time the couple cohabited after marriage; and (3) the birth certificates of children born to the marriage. 8 C.F.R. § 1216.5(e)(2).

We have reviewed the record and the decisions below and conclude that the evidence in the record clearly and overwhelmingly supports the Board's determination that Zoubairi did not intend to establish a marital life with Clark at the time he entered into the marriage, notwithstanding his

- 4 -

challenges to this determination on evidentiary, constitutional, and other grounds.  Because he did not enter into the marriage in good faith, we hold that Zoubairi is not entitled to a waiver of the joint-filing requirement.  In so holding, we decline to address the government's argument that we are precluded from reviewing Zoubairi's challenges to the Board's waiver decision, save his statutory and constitutional challenges.  <u>See</u> 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of any "decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General"); <u>id.</u> § 1252(a)(2)(D) (authorizing review of "constitutional claims or questions of law").

Accordingly, the petition for review is denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>